The action was brought against the defendants as common carriers for failing to carry safely from Washington to Williams' landing on Tar river, a flat-boat belonging to plaintiff, loaded with goods, which they had undertaken to tow from the former to the latter place.
There was a second count against the defendants (not as common carriers) for negligence and unskillfulness in towing his flat-boat, whereby it had been snagged and lost.
The defendants John Myers and Redding L. Myers were the owners of the steamboat Amidas, which was employed chiefly in towing flat-boats on the Tar river, and the other defendant, DeLand, was the master on board the said steamboat, employed by the owners as their agent and servant, to navigate and conduct the operations of the same, but had no property in the boat itself. On a certain day, the plaintiff's flat-boat, loaded with goods, was taken in tow at Washington, being firmly tied to the side of the steamboat in the usual manner, by lines from the bow and sides of the flat, and was so carried up the river safely to a point above Greenville. About two and a half miles above Greenville, and below Williams' landing, the flat was pierced by a snag and sunk, and the goods on board of her damaged. DeLand was on board of the steamer when the occurrence took place, but the other defendants were not present.
There was much evidence upon the question of negligence, which the charge of his Honor below makes it unnecessary to state.
The defendants contended, and requested the Judge to charge, that the action, though in form ex delicto, was founded upon the non-feasance of a contract, and that contract was made by the defendants, the Myerses alone, through their agent DeLand, and not jointly by all the defendants, and that, therefore, the plaintiff could not recover.
The defendants also contended that they were not common carriers; that their liability could only be founded on *Page 176 
negligence or want of skill, and asked his Honor to instruct the jury that there was no want of the requisite degree of skill and diligence established by the testimony.
His Honor charged the jury that, if they believed the evidence, the defendants were common carriers, and, as such, were liable to the plaintiff for damages to the flat and goods in the course of the carriage, whether they were guilty of negligence and unskillfulness or not; that if they believed the evidence, the defendants were guilty of a joint tort, and liable to the plaintiff. Defendants excepted.
His Honor declined giving the instructions asked for by the defendants' counsel, for which they also excepted.
Verdict and judgment for the plaintiff, and appeal by the defendants.
On the question, whether the defendants were common carriers, they cited Angell on Carriers, p. 91, § 86,673, § 668, note 2; Caton v.Barney, 13 Wend, 387; Penn., Del. and Md. Nav. Co. v. Dandridge, 8 Gill and J. (Md.) Rep. 109; Wells v. Steam Nav. Co., 2 Conn. Rep. 204; Alexander v.Greene, 3 Hill; 1 Parsons on Con., p. 645, note 2; Coggs v. Bernard, 1 Smith's Leading Cases, 332.
His Honor was of opinion that the defendants were common carriers, and as such were liable, "whether they were guilty of negligence or unskillfulness or not." Such is the law in regard to common carriers, and we are inclined to the opinion that the defendants John and Redding Myers, the owners of the steam-boat, were common carriers in respect to the plaintiff's flat they had in tow; but the other defendant, DeLand, who was the servant of the owners, *Page 177 
was not a common carrier. It follows that he could not be made liable without proof of negligence or unskillfulness on his part; and yet, his Honor allowed a verdict to be rendered against him jointly with the other defendants; there is a judgment against all the defendants. There is error.
PER CURIAM, Judgment reversed, and a venire de novo.